IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| DEBBIE RUTH JOHNSON, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION FILE NO. |
| | : | |
| vs. | : | |
| | : | **JURY TRIAL DEMANDED** |
| BOARD OF REGENTS OF THE | : | |
| UNIVERSITY SYSTEM OF | : | |
| GEORGIA/GEORGIA HEALTH | : | |
| SCIENCES UNIVERSITY, a Unit | : | |
| of the University System of | | |
| Georgia, | | |
| | | |
| Defendant. | | |

## COMPLAINT

Plaintiff Debbie Ruth Johnson ("Johnson") files this Complaint against the above-named Defendant, based on the following facts:

## INTRODUCTION

1.

This action is brought before the Court pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000 *et seq.*, ("Title VII"), 42 U.S.C. § 1983, ("Section 1983"), and the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution ("Equal Protection Clause").

## JURISDICTION AND VENUE

2.

The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§1331 and 1343 for Johnson's cause of action under Title VII, 42 U.S.C. §1983, and the Fourteenth Amendment to the United States Constitution.

3.

Venue is proper in the Southern District of Georgia, Augusta Division, because the Defendant is located in this District and Division and because the conduct complained of herein took place in this District and Division.

## PARTIES

4.

Johnson is a female citizen of this judicial district. At all times relevant to this action, Defendant employed Johnson as a Social Worker in the Hematology/Oncology Department.

5.

The Board of Regents of the University System of Georgia/Georgia Health Sciences University ("the Board" or "GHSU") is a corporate body established by the General Assembly of Georgia to operate publically-funded post-secondary educational institutions in Georgia. The Board/GHSU was Johnson's employer at

all times relevant to this Complaint. This Court has personal jurisdiction over the Board. The Board may be served with the Summons and Complaint by personal service upon its Chairman, Benjamin "Ben" J. Tarbutton, III, at his office at Sandersville Railroad Company, 206 North Smith Street, Sandersville, Georgia 31082.

6.

The Board/GHSU is an employer within the meaning of Title VII.

## FACTUAL ALLEGATIONS

7.

In late February, 2010, less than one week after GHSU hired Johnson, Dr. Afshin Ameri ("Ameri"), a physician in the Department, disclosed to the Department's administrative assistant, Kathleen McCarty ("McCarty"), that he noticed Johnson "sitting with her legs open" and that McCarty needed to address the issue with Johnson.

8.

A month or so later, Dr. Afshin Ameri ("Ameri") made sexually charged comments to Kathleen McCarty, the Department's Office Specialist for Pediatric Oncology, Mary Strickland, the Department's Office Associate for Pediatric

Oncology, and Trisha Foster, a former social worker, that the Department was hiring women with "big breasts", and also women who show their knees.

9.

In making these comments, Ameri was referring to Johnson.

10.

Johnson informed her supervisor and the Department's Chairman, Dr. Roger Vega ("Vega"), of Ameri's comments and requested a meeting to discuss her concerns.

11.

The following day, Johnson met with Vega and voiced her concerns and discomfort regarding Ameri's comments. Johnson explained to Vega that she did not feel comfortable with the progression of Ameri's attention to her body and attire, and informed Vega that she planned to make a formal complaint with the Human Resources Department.

12.

Vega implored Johnson, as a "personal favor," to allow him to handle the matter with Ameri "internally" and asked that she not make a complaint with the Human Resources Department.

13.

Vega added that if Johnson reported this information to Human Resources, he was certain that Ameri would lose his job because of previous incidents and reports noted in his personnel file.

14.

Vega admitted that Ameri had a long history of unprofessional, inappropriate conduct toward women and had previously been reprimanded for such behavior.

15.

Vega then asked that Johnson provide him with a written account of the incidents she was complaining about.

16.

Johnson took Vega at his word and drafted a memo documenting what was agreed to by all parties to resolve Johnson's complaint and insure Ameri ceased his inappropriate comments and conduct.  See Attachment A.

17.

A meeting was held with Dr. Bernard Maria, GHSU's Chairman of Pediatrics, Vega, Johnson and Ameri all present, ostensibly to satisfy Johnson that GHSU took the matter seriously, and would require that Ameri undergo sensitivity

training on sexual harassment and cultural diversity so to insure this type of behavior did not occur again.

18.

Ameri's continued to make irrational sex based statements about Johnson.

19.

For example, Ameri filed a complaint to Vega against Johnson contending she was discussing "sex toys" in the workplace.

20.

Vega investigated the matter and found that the allegation totally false, but nothing was done.

21.

Vega fired Johnson on August 11, 2010 claiming that she failed to "satisfactorily complete her provisional period."

## COUNT I:
### (Title VII Gender Discrimination)

22.

Plaintiff incorporates paragraphs one (1) through twenty-one (21) of this Complaint as if alleged fully herein.

23.

Defendant discriminated against Plaintiff in violation of Title VII of the

Civil Rights Act of 1964 by creating a hostile work environment, and by allowing

Plaintiff to be subjected to severe or pervasive sexual harassment because of her

gender.

24.

On November 28, 2010, Plaintiff filed a charge of discrimination against

Defendant with the Equal Employment Opportunity Commission ("EEOC")

alleging violations of Title VII.  On June 13, 2011, the EEOC issued a Notice of

Right to Sue to Plaintiff.  This action is filed within 90 days of Plaintiff's receipt of

the notice of rights letter. All other conditions precedent to the institution of this

lawsuit have been fulfilled.

25.

Plaintiff exhausted all available administrative remedies available to her

prior to bringing this action.

26.

At the time Ameri harassed Plaintiff and when Plaintiff complained about

Ameri's harassment, Defendant knew that such conduct was a violation of well-

established law and of her protected rights.

27.

Defendant violated the law by failing to adequately supervise, control, discipline, and/or otherwise penalize the conduct and actions of Ameri as described above.

28.

Defendant's actions have caused Plaintiff to suffer compensatory damages, including loss of salary and benefits and mental and emotional harm. Plaintiff seeks compensation for these losses in an amount to be determined by the enlightened conscience of the jury.

## <u>COUNT II:</u>
### (Title VII – Retaliation)

29.

Plaintiff incorporates paragraphs one (1) through twenty-eight (28) of this Complaint as if alleged fully herein.

30.

Plaintiff opposed an unlawful employment practice by asserting her rights verbally and in written correspondence that she was subjected to severe or pervasive gender discrimination in the workplace.

31.

Defendant unlawfully terminated Plaintiff in retaliation for her complaints of gender discrimination, in violation of Title VII.

32.

As a direct and proximate result of Defendant's willful, knowing and intentional retaliation against Plaintiff, she is entitled to general and compensatory damages in amounts to be proven at trial.

## COUNT III:
### (42 U.S.C. § 1983 – Equal Protection Claim)

33.

Plaintiff incorporates paragraphs one (1) through thirty-two (32) of this Complaint as if alleged fully herein.

34.

Defendant's conduct as described herein was carried out under color of state and local law.

35.

Defendant, through its policies, pattern and practice, discriminated against Plaintiff because of her gender, in violation of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

36.

At the time of the events alleged herein, the law was well-established that under the Fourteenth Amendment to the United States Constitution, a public employer may not discriminate against employees in the terms and conditions of their employment because of gender.

37.

At all times material, Vega was acting as Defendant's final policymaker with respect to Plaintiff's termination.

38.

Plaintiff had no right to appeal Vega's termination decision.

39.

At the time Defendant's final policy maker discriminated against Plaintiff, Defendant knew that such conduct was a violation of well-established law and of her constitutionally protected rights.

40.

Defendant's actions have caused Plaintiff to suffer damages, both economic and noneconomic, including mental and emotional harm, in an amount to be determined by the enlightened conscience of the jury.

41.

As a direct result of Defendant's unconstitutional actions, Defendant suffered and continues to suffer financial and emotional harm, costs and attorney's fees to be proved at trial.

**WHEREFORE,** Plaintiff prays for the following relief:

(a)    An award of actual damages for all lost wages, out of pocket costs and expenses Plaintiff would not have incurred but for Defendant's unlawful discriminatory conduct;

(b)    An award of compensatory damages;

(c)    An award of full back pay and benefits of employment;

(d)    Reinstatement to a comparable position or an award of front pay in lieu of reinstatement;

(e)    An award of prejudgment interest on all actual damages;

(f)    Attorney's fees and expenses;

(g)    Trial by jury; and

(h)    Such other and further relief as the Court deems just and proper.

Respectfully, submitted on September 9, 2011.

_/s/ A. Lee Parks_
A. Lee Parks
Georgia Bar No. 563750
lparks@pcwlawfirm.com
**_Counsel for Plaintiff_**

PARKS, CHESIN & WALBERT, P.C.
75 14th Street, N.E., 26th Floor
Atlanta, GA  30309
Telephone: (404) 873-8000
Facsimile:  (404) 873-8050